UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                  Plaintiff,

 -against-

OLAWOYIN PETER OLAREWAJU,

                  Defendant.

No. 21-CR-609 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the Defendant Olawoyin Peter Olarewaju's motion for a sentence reduction, dated April 18, 2024. (See dkt. no. 449 [the "Motion"].) On May 24, 2024, the Government filed a letter opposing Defendant's Motion, (see dkt. no. 463), in response to which Defendant filed a reply on June 13, 2024, (see dkt. no. 470). For the reasons set forth below, the Court denies Defendant's Motion.

## I.    **Background**

    On December 27, 2021, Superseding Indictment (S1) was filed, charging Defendant with one count of participating in a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) ("Count One") and one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 ("Count Two"). (See dkt. no. 103.) On January 30, 2023, before the Hon. Magistrate Judge Jennifer E. Willis, Defendant pleaded guilty to Count Two, which plea the undersigned accepted on February 6, 2023. (See dkt. no. 236.)

In the Final Presentence Investigation Report ("PSR") it filed on April 20, 2023, the Probation Office calculated an offense level of 16 for Defendant's bank fraud conspiracy offense.  (See dkt. no. 307 ¶¶ 33-43.)  The Probation Office also determined that Defendant had zero criminal history points because he had incurred no previous criminal adjudications or criminal convictions.  (See id. ¶¶ 44-49.)  Because Defendant had zero criminal history points, the Probation Office determined that, pursuant to the 2021 edition of the United States Sentencing Guidelines (the "Guidelines") in effect at the time of sentencing, Defendant had a criminal history category of I.  (See id. ¶¶ 33, 47.)  An offense level of 16 and a criminal history category of I resulted in a Guidelines range of 21-27 months imprisonment under Chapter 5 of the Guidelines. (See id. at 23.)  On May 23, 2023, Defendant was sentenced to a prison term of one year and one day.  (See dkt. no. 331 at 2.)

On November 1, 2023, the 2023 edition of the Guidelines went into effect.  As part of the 2023 update, the Guidelines were amended to add Amendment 821, which, in part, created a new Chapter Four guideline at § 4C1.1.  Under guideline § 4C1.1, a defendant's offense level decreases by two points if he or she (a) did not receive any criminal history points and (b) meets each of nine other specific criteria.  See U.S.S.G. § 4C1.1(a).  The United States Sentencing Commission has determined that Amendment 821 should be applied retroactively, such that a defendant who had

already been sentenced prior to the effective date of Amendment 821 may be eligible for the two-point reduction under § 4C1.1(a) as if it had been in effect at the time of his or her sentence.

II.     **<u>Applicable Law</u>**

Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if the defendant's sentencing range under the Guidelines has been lowered by the Sentencing Commission since the date of the defendant's sentencing.  <u>See</u> 18 U.S.C. § 3582(c)(2). The Court may only lower such a sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  <u>Id.</u>  The relevant policy statement for retroactive amendments to the Guidelines is found at Section 1B1.10, which states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)[,]" but that "any such reduction in the defendant's term of imprisonment shall be consistent with" the policy statement contained in Section 1B1.10.  <u>See</u> U.S.S.G. § 1B1.10(a)(1). Subsection 1B1.10(d) states that Amendment 821 is one such amendment covered by the policy statement contained in subsection (a)(1).  <u>See</u> <u>id.</u> § 1B1.10(d).

Although Guidelines Section 1B1.10 and 18 U.S.C. § 3582(c)(2) permit the Court to reduce the term of a defendant's imprisonment, "a sentence may not be reduced under [Section 3582(c)(2)] to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range[.]" United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021); see also U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" except if the defendant provided substantial assistance to the Government).

**III.   Discussion**

Defendant's Guidelines range at the time of his sentencing was 21 to 27 months, based on an offense level of 16 and a criminal history category of I.  (See PSR at 23.)  Had Amendment 821 been in effect at the time of Defendant's sentencing, the two-point reduction provided by new Section 4C1.1 for defendants with zero criminal history points—such as Defendant—would have reduced Defendant's offense level to 14.   (See id.); see also U.S.S.G. § 4C1.1(a).  With an offense level of 14 and a criminal history category of I, Defendant's recommended Guidelines range would have been 15 to 21 months imprisonment.   See U.S.S.G. § 5A. Accordingly, the recommended Guidelines range for Defendant would have been lower than the 21 to 27 months recommendation under the

4

2021 edition of the Guidelines in effect at the time of his sentencing.

However, the Court sentenced Defendant to one year and one day imprisonment—a term nearly three months below the recommended Guidelines range Defendant would have received had Section 4C1.1 been in effect at the time of his sentencing. Because this Court imposed a sentence below the Guidelines range Defendant would have received under the retroactive application of Amendment 821, pursuant to Guidelines Section 1B1.10(b)(2)(A), Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). See Young, 998 F.3d at 46 n.1; U.S.S.G. § 1B1.10(b)(2)(A); see also United States v. Sardarova, 20 Cr. 681 (JPC), 2024 WL 259775, at *1-2 (S.D.N.Y. Jan. 12, 2024) (Defendant ineligible for a sentence reduction under retroactive application of Amendment 821 because she had originally received a sentence 24 months below the lower end of what her Guidelines range would have been had Section 4C1.1 been in effect).

## IV.   Conclusion

Accordingly, Defendant's motion for a sentence reduction is denied.

**SO ORDERED.**

Dated:     June 21, 2024
            New York, New York

_____
LORETTA A. PRESKA
United States District Judge